MARGARET M. McBRIDE *et al.* v. THE LOMBARD MORTGAGE COMPANY.

NOTE AND MORTGAGE — *Delivery — Limitation of Action.* Where a note and a mortgage are executed and delivered to the mortgagee, the law implies, in the absence of any agreement to the contrary, that the money for the note and mortgage is at once due and payable to the mortgagor from the mortgagee. If no agreement is made in writing by the mortgagee for the payment of the money for the note and mortgage when delivered and accepted, an action for the recovery of the money therefor by the mortgagor against the mortgagee must be brought within three years after the note and mortgage are accepted.

*Error from Sedgwick District Court.*

THE case is stated in the opinion.

*E. N. Smith,* for plaintiffs in error.

*Harris, Harris & Vermillion,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought in the court below on the 27th of December, 1884, by William A. McBride and wife against the Lombard Mortgage Company, to recover $311.45. The petition alleged that on the 27th of June, 1881, the plaintiffs executed and delivered to the defendant a note secured by a mortgage upon real estate in Butler county, in this state, for $750, with interest coupon notes attached, at the rate of seven per cent., payable semi-annually; that the defendant, in consideration of the execution of the notes and mortgage, agreed to loan and pay to the plaintiffs in a reasonable time after the delivery of the notes and mortgage to the defendant, the sum of $750; that the defendant paid the plaintiffs upon the notes and mortgage $438.55, leaving a balance of $311.45 due and unpaid; that in April, 1882, plaintiffs demanded of the defendant this money, which it refused to pay, and has never paid. The defendant answered, and, among other defenses, pleaded the three-years statute of limitations. Before the action was tried, William A. McBride died, and upon the motion of Mrs. Margaret M. McBride, the administratrix of the estate of her husband, the action was revived in her name.

Upon the trial, Mrs. McBride testified, among other things, that in his lifetime she was the wife of William A. McBride; that, with her husband, she executed in 1881 the note and mortgage for $750 to the company; that the company paid them the amount thereof, excepting about $300; that payment was made by the company on the day they executed the note and mortgage; that they borrowed the money for general purposes, and were to receive the amount of the note and mortgage at the time they delivered them to the company, but the company kept back $300. The defendant interposed a

demurrer to the evidence, which was sustained by the court. The plaintiff excepted, and brings the case here.

The mortgage company did not sign or execute any written agreement for the payment of the money on the notes and mortgage for $750 when they were received from McBride and wife; therefore, as soon as the notes and mortgage were delivered and accepted by the company, the money became at once due and payable. As McBride and wife were entitled to the money upon the notes and mortgage when they delivered them to the company, their right of action — for the money retained or not paid, accrued at that time, and, not being in writing, was barred within three years. The notes and mortgage were executed and delivered on the 27th of June, 1881. This action was not brought until the 27th of December, 1884, more than three years thereafter. Therefore, it was not commenced within time, and the ruling of the trial court must be sustained.

There is in the record evidence tending to show that the mortgage company kept back or retained, out of the proceeds of the $750 loan, $300 to pay a mortgage to the Corbin Banking Company.

There is no allegation, however, in the petition of any contract or arrangement to that effect, or that the mortgage company had the right to keep back or retain any money for any such purpose. The allegations in the petition as to the payment of the $750 are as follows:

"That the defen·lant, in consideration of the execution of said notes and mortgage, agreed to loan and pay to the plaintiffs in a reasonable time after the delivery of said notes and mortgage as aforesaid to said defendant, on the terms of the aforementioned agreement and note and mortgage, the sum of $750."

The evidence introduced upon the trial does not sustain these allegations, because it appears from the evidence that the money was to be paid upon the delivery of the notes and mortgage, and not within a reasonable time. Again, the evidence shows that, even if the $300 was kept or retained to

pay a prior mortgage, plaintiffs received notice in August or September, 1881, that the mortgage was due and had not been paid, and this action was not commenced until more than three years after such notice. If the mortgage company agreed with plaintiffs to pay or take up any prior mortgage, these facts should have been alleged in the petition, and then if the company had deceived or defrauded the parties by failing or refusing to carry out the contract, an action could have been instituted for damages for the breach. There are no such allegations in the petition. The contention is, that the money for the notes and mortgage was not due until a demand therefor, and that as a demand was made in April, 1882, the action was commenced within three years thereafter, and therefore in time; but the evidence in the record does not sustain this view.

The judgment of the trial court will be affirmed.

All the Justices concurring.